IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES M. BROADHEAD, #273663,   )
   )
      Plaintiff,   )
   )
v.   )      CASE NO. 2:16-CV-017-WHA
   )
NURSE Y. SCOTT, et al.,   )
   )
      Defendants.   )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by James M. Broadhead ("Broadhead"), a frequent federal litigant, presently incarcerated at Donaldson Correctional Facility ("Donaldson"). In the instant complaint, Broadhead alleges that he was recently subjected to the use of excessive force while at Donaldson. Specifically, Broadhead asserts that four correctional officers "beat and struck [him] with security sticks" over 980 times resulting in his placement "in[to a] free world hospital, [Cooper Green Hospital in Birmingham, Alabama,] where he had a broken arm in (3) places and staples in the head and (3) or (4) teeth[] was knocked out as there was threats on the plaintiff life the plaintiff was transferred for his safety as the plaintiff had fracture to his feet and ankle area." Doc. 1 at 5-6. Broadhead seeks compensatory and punitive damages from the defendants for the alleged violations of his constitutional rights. Doc. 1 at 6.

## II.  RELEVANT CASE HISTORY[1]

In June of 2011, Broadhead filed a civil action with this court in which he raised the same claims for relief, i.e., that he was struck with security sticks by four correctional officers over 900 times, transferred to Cooper Green Hospital with "a broken arm in (3) places, and staples in the head, and (3) or (4) teeth[] was knocked out, as there was threats on the plaintiff life the plaintiff was transferred for his safety as the plaintiff had fracture to his feet and ankle area." *Broadhead v. Dozier, et al.,* Case No. 2:11-CV-489-MEF-TFM (M.D. Ala. 2012), Doc. 1 at 4.  In this previous cause of action, Broadhead stated the assault occurred at Kilby Correctional Facility ("Kilby") on June 17, 2011, whereas in the instant complaint he maintains the assault occurred more recently and at Donaldson.  Additionally, Broadhead filed two other civil actions with this court in 2011 alleging substantially similar claims for relief—with the only differences in each of these complaints being the date of the alleged incident and the individuals named as defendants. *Broadhead v. Woodard, et al.,* Case No. 2:11-CV-341-MEF-TFM (M.D. Ala.) (incident alleged to have occurred at Kilby on April 20, 2011); *Broadhead v. Norris, et al.,* Case No. 2:11-CV-490-MEF-TFM (M.D. Ala.) (incident alleged to have occurred at Kilby on March 13, 2010).  Moreover, Broadhead has filed nine other civil actions with this court since 2011 raising substantially similar claims for relief but again identifying different dates, defendants and/or facilities where the alleged assault occurred. *See Broadhead v. Gasdon, et al.,* Case No. 2:15-CV-854-MHT-GMB (M.D. Ala.);

---

[1] This court may take judicial notice of its own records and the records of other federal courts.  *Nguyen v. United States,* 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey,* 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover,* 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

*Broadhead v. Olds, et al.*, Case No. 2:15-CV-715-WKW-TFM (M.D. Ala.); *Broadhead v. Miree, et al.*, Case No. 2:14-CV-677-MHT-TFM (M.D. Ala.); *Broadhead v. Rogers, et al.*, Case No. 2:14-CV-676-MHT-TFM (M.D. Ala.); *Broadhead v. Miree, et al.*, Case No. 2:14-CV-641-MHT-TFM (M.D. Ala.); *Broadhead v. Olds, et al.*, Case No. 2:14-CV-393-MEF-TFM (M.D. Ala.); *Broadhead v. Olds, et al.*, Case No. 2:14-CV-367-MEF-TFM (M.D. Ala.) (incident alleged to have occurred at Donaldson in both 2015 and 2014); *Broadhead v. Babers, et al.,* Case No. 2:14-CV-210-MEF-TFM (M.D. Ala.); *Broadhead v. Babers, et al.,* Case No. 2:14-CV-49-WHA-TFM (M.D. Ala.) (incident alleged to have occurred during a prior unidentified stint of confinement at Bullock County Correctional Facility).

A review of the records for the other federal courts of this state indicates that Broadhead has filed numerous cases in other venues alleging the same or a similar claim of excessive force, and asserting identical injuries to those set forth in the instant complaint.[2]   Although these cases may differ in certain details—the correctional facility

---

[2] *See Broadhead v. Hicks, et al.*, Case No. 2:12-CV-2369-JHH-RRA (N.D. Ala.); *Broadhead v. Price, et al.*, Case No. 2:12-CV-2193-IPJ-RRA (N.D. Ala.); *Broadhead v. Byres, et al.*, Case No. 4:12-CV-644-KOB-RRA (N.D. Ala.); *Broadhead v. Baker, et al.*, Case No. 4:12-CV-585-SLB-RRA (N.D. Ala.); *Broadhead v. Norris, et al.*, Case No. 2:11-CV-490-MEF-TFM (M.D. Ala.); *Broadhead v. Dozier, et al.*, Case No. 2:11-CV-489-MEF-TFM (M.D. Ala.); *Broadhead v. Woodard, et al.*, Case No. 2:11-CV-341-MEF-TFM (M.D. Ala.); *Broadhead v. Scott, et al.*, Case No. 4:10-CV-1152-WMA-RRA (N.D. Ala.); *Broadhead v. Carter, et al.*, Case No. 4:10-CV-1142-AKK-RRA (N.D. Ala.); *Broadhead v. Miles, et al.*, Case No. 4:10-CV-1141-JHH-RRA (N.D. Ala.); *Broadhead v. Scott, et al.*, Case No. 4:10-CV-1028-AKK-RRA (N.D. Ala.); *Broadhead v. Malone, et al.*, Case No. 4:10-CV-806-JHH-RRA (N.D. Ala.); *Broadhead v. McKay, et al.*, Case No. 4:10-CV-751-RRA (N.D. Ala.); *Broadhead v. O'Brian, et al.*, Case No. 4:10-CV-475-JHH-RRA (N.D. Ala.); *Broadhead v. Hopkins, et al.*, Case No. 4:10-CV-439-LSC-RRA (N.D. Ala.); *Broadhead v. Wise, et al.*, Case No. 4:10-CV-388-IPJ-RRA (N.D. Ala.); *Broadhead v. Brown, et al.*, Case No. 4:10-CV-350-VEH-RRA (N.D. Ala.); *Broadhead v. Swain, et al.*, Case No. 4:10-CV-113-AKK-RRA (N.D. Ala.); *Broadhead v. Richburg, et al.*, Case No. 4:10-CV-54-IPJ-RRA (N.D. Ala.); *Broadhead v. Kirrire, et al.*, Case No. 4:10-CV-53-VEH-RRA (N.D. Ala.); *Broadhead v. Swain, et al.*, Case No. 4:09-CV-2606-SLB-RRA (N.D. Ala.); *Broadhead v. Northcutt, et al.*, Case No. 4:09-CV-2512-SLB-RRA (N.D. Ala.); *Broadhead v. Michael, et al.*, Case No. 4:09-

at which the incident occurred, the date of the incident, the identities of the four correctional officers involved, or the precise number of times the officers struck Broadhead with security sticks—the core allegations remain constant in each case.  In addition, despite Broadhead's sworn attestations that the incident at issue occurred on numerous separate occasions from September of 2008 up to a time in the recent past, Broadhead asserts that he suffered the exact same injuries—an arm broken in three places, staples in his head, three or four teeth knocked out, and fractures to his feet and ankle areas—and always maintains that he was transported to Cooper Green Hospital for treatment of these injuries.

## III.  DISCUSSION

Upon initiating this case, Broadhead did not pay the $350 filing fee and attendant $50 administrative fee nor did he file an application for leave to proceed *in forma pauperis*.  In cases with these deficiencies, the usual practice of this court is to enter an order advising the plaintiff that he must pay the full filing fee and concomitant administrative fee or submit an application to proceed *in forma pauperis*.  However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

---

CV-2473-VEH-RRA (N.D. Ala.); *Broadhead v. Griggs, et al.*, Case No. 1:10-CV-241-CG-C (S.D. Ala.); *Broadhead v. Heinz, et al.*, Case No. 1:10-CV-129-KD-B (S.D. Ala.); *Broadhead v. Mixon, et al.*, Case No. 1:10-CV-12-WS-C (S.D. Ala.).

physical injury."[3]  Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Federal court records establish that Broadhead, while incarcerated or detained, has on at least four occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, failing to state a claim, or asserting claims against defendants immune from suit.  The actions on which this court relies in finding a § 1915(g) violation by the plaintiff are: (1) *Broadhead v. Dozier, et al.*, Case No. 2:11-CV-489-MEF-TFM (M.D. Ala.) (complaint malicious); (2) *Broadhead v. O'Brian, et al.*, Case No. 4:10-CV-475-JHH-RRA (N.D. Ala.) (complaint frivolous); (3) *Broadhead v. Hopkins, et al.*, Case No. 4:10-CV-439-LSC-RRA (N.D. Ala.) (complaint frivolous); and (4) *Broadhead v. Kirrire, et al.*, Case No. 4:10-CV-53-VEH-RRA (N.D. Ala.) (complaint frivolous).

Upon review of the present complaint and the numerous other civil actions filed by Broadhead in this and the other federal courts of this state alleging the same factual basis for relief, the court finds that Broadhead fails to demonstrate that he "is under

---

[3] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *cert. denied*, 524 U.S. 978 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

imminent danger of serious physical injury" as is required to circumvent 28 U.S.C. § 1915(g). *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of  28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (noting that the imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury'").  Thus, even if Broadhead sought *in forma pauperis* status in this case, he could not proceed due to his violation of the "three strikes" provision of 28 U.S.C. § 1915(g).

Based on the foregoing, the court concludes that this case is due to be summarily dismissed without prejudice. *Dupree*, 284 F.3d at 1236 ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to the provisions of § 1915(g)" [because he] "must pay the filing fee at the time he *initiates* the suit.") (emphasis in original); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the filing and administrative fees upon initiation of this case.  It is further ORDERED that on or before January 27, 2016 the plaintiff may file objections to the  Recommendation.  The plaintiff

must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.   Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of January, 2016.


_____
             /s/  Gray M. Borden
UNITED STATES MAGISTRATE JUDGE